PER CURIAM.
This matter is before the Court on respondent’s Petition for Leave to Resign with Leave to Reapply, pursuant to article XI, Rule 11.08 of the Integration Rule of The Florida Bar.
The Petition has been approved by the Board of Governors of The Florida Bar and states as follows:
1. He is 50 years old and has been a member of The Florida Bar since June 1, 1962.
2. The factual background of the above-pending disciplinary action against [respondent] is as follows:
a.In August, 1981, Mrs. Ramona Jackson retained [respondent’s] partner, Glen Brown, to represent her husband in a criminal action wherein Mr. Jackson was charged with two counts of first degree murder.
b. Mr. Brown informed Mrs. Jackson that the fee for such representation would be $25,000, to be immediately due and payable, and that [respondent] would be associated with him m the representation of Mr. Jackson. Mr. Mettler agreed to the fee arrangement and likewise advised Mrs. Jackson of the terms of that agreement. Neither [respondent] nor Mr. Brown entered into a written fee arrangement with Mrs. Jackson, although she agreed to the described fee agreement.
c. Over the next three months Mrs. Jackson paid a total of $14,500 towards the fee by checks and cash and assured Mr. Brown and Mr. Mettler that the balance would be forthcoming.
d. In November, 1981, [respondent] and Mr. Brown demanded the $10,500.00 balance of the fee. Thereafter, Mrs. Jackson deposited four (4) rings with Mr. Mettler and Mr. Brown as good faith collateral against payment of the fee balance.
e. Neither [respondent] nor Mr. Brown entered into a written agreement with Mrs. Jackson concerning the deposit of the jewelry. Mr. Brown, [respondent] and Mrs. Jackson agreed that the jewelry would not be sold without Mrs. Jackson’s permission or prior knowledge.
f. On December 23, 1981, Mr. Brown and [respondent] sold Mrs. Jackson’s rings for $3,500.00. Mrs. Jackson alleges that [respondent] sold the rings without her consent. [Respondent] denies this allegation, claiming that at all times relevant hereto Mrs. Jackson was kept fully aware of the negotiations regarding the sale of the jewelry, that she was specifically informed by him on the day of the sale that such a sale would be made, and that she freely and voluntarily consented to the sale.
g. The jewelry was subsequently sold in the normal course of business and *1381 hence Mrs. Jackson has been unable to regain possession of the jewelry.
3. Mrs. Jackson filed a civil action against Mr. Brown, [respondent] and their insurers seeking the value of the rings plus interest. That action has been settled and Mrs. Jackson has been made whole.
4. This disciplinary matter, File No. 13B82H88, is the only pending case against [respondent],
5. [Respondent] currently resides in Georgia, is not practicing law and has no intention of returning to the practice of law in the immediate future. [Respondent] has no clients or files in the State of Florida or elsewhere.
6. [Respondent] waives confidentiality of this proceeding pursuant to Florida Bar Integration Rule, article XI, Rule 11.12(l)(a).
7. [Respondent] agrees to cooperate fully with any investigation made in connection with the Client Security Fund of The Florida Bar, as well as to make all reasonable efforts to reimburse the Client Security Fund for any payments made by the Fund as a result of this conduct.
8. [Respondent] freely and voluntarily submits this Petition for Leave to Resign with Leave to Reapply three years from the date of this Court’s Order.
The Florida Bar having stated that it approves the Petition and the Court having reviewed the Petition and determined that the requirements of Rule 11.08(3) are fully satisfied, the Petition for Leave to Resign with Leave to Reapply no sooner than three years from this date is hereby approved effective immediately.
Judgment for costs in the amount of $559.50 is hereby entered against respondent, for which let execution issue.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.